# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MILES, SR., | Case No. 1:14-cv-01683-SKO (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| R. COX, et al., | (Doc. 1) |
| Defendants. | |

I.      **Screening Requirement and Standard**

Plaintiff Maurice Miles, Sr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 28, 2014.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2   conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937

3   (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and

4   courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572

5   F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual

6   allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

7       Under section 1983, Plaintiff must demonstrate that each defendant personally participated

8   in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This

9   requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*,

10  556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners

11  proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and

12  to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

13  (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the

14  plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

15  **II.    Discussion**

16      **A.    Summary of Claim**

17      Plaintiff, who is currently incarcerated at Kern Valley State Prison ("KVSP") in Delano,

18  California, brings this action against Correctional Captain R. Corley, Correctional Counselor R.

19  Cox, and Warden M. D. Biter for damages and the expungement of a false record from his prison

20  central file.  Based on the Court's review of Plaintiff's allegations and the attached order denying

21  his petition for writ of habeas corpus, Plaintiff was written up for masturbation on November 2,

22  2001, while in the custody of the California Youth Authority.  That write-up was included in a

23  subsequent prison classification summary, and it forms the basis of Plaintiff's claim in this action.

24  However, in denying Plaintiff's state habeas petition on September 26, 2014, the superior court

25  found that Plaintiff did not suffer any adverse action as a result of the record; Plaintiff is not an

26  "R" suffix inmate[1] and although Plaintiff's transfer from California Correctional Institution to

27
28  _____

[1] Inmates with a history of sex offenses as outlined in Title 15, section 3377.1(b) are assigned an "R" suffix custody designation.

1  KVSP was described in the prior habeas proceeding as "adverse," the basis for the transfer was
2  Plaintiff's receipt of a prison disciplinary conviction for assaulting a staff member.  (Comp., court
3  record p. 7.)  Plaintiff, an ex-gang member, he alleges in this action that the write-up is defamatory
4  and it jeopardizes his safety.

5  **B.   <u>No Basis for Liability Under Section 1983</u>**

6  Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or
7  other federal rights by persons acting under color of state law.  *Nurre v. Whitehead*, 580 F.3d
8  1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006);
9  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Here, Plaintiff's complaint is devoid of any
10  facts supporting a claim for violation of his rights under federal law.  The superior court's order
11  denying Plaintiff's state habeas petition stated that if Plaintiff wished to pursue a defamation
12  claim, he must do so civilly and Plaintiff now seeks damages in this action defamation.  However,
13  section 1983 provides no redress for defamation, *Miller v. California*, 355 F.3d 1172, 1178 (9th
14  Cir. 2004) (citing *Paul v. Davis*, 424 U.S. 693, 702 (1976)) ("[R]eputational harm alone does not
15  suffice for a constitutional claim."), and Plaintiff lacks any cognizable liberty interest under
16  federal law with respect to the inclusion of this write-up in his prison records, *Wilkinson v. Austin*,
17  545 U.S. 209, 221, 125 S.Ct. 2384 (2005); *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir.
18  1987).

19  Further, to the extent that mention of the write-up violated a prison regulation, *see* Cal.
20  Code Regs., tit. 15, § 3375(5)(K), the violation of state law is not redressable under section 1983,
21  *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997).[2]

22  Finally, Plaintiff's complaint sets forth no facts supporting a claim that the mention of this
23  write-up in his classification summary presented a substantial risk of harm to his personal safety to
24  which Defendants Cox, Curley, and Biter were deliberately indifferent.  *Farmer v. Brennan*, 511
25  U.S. 825, 847, 114 S.Ct. 1970 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).
26  ///

27
28  [2] An argument that prison officials are not permitted to document write-ups or consider them for classification purposes appears implausible on its face but even assuming there is some support for it in the language of prison regulations, no federal claim lies.

III.     **Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court is mindful that pro se litigants should be afforded an opportunity to amend if it appears they may be able to cure the deficiencies in their claims but the Court can envision no circumstance under which a written classification summary mentioning a 2001 write-up for masturbation can support a claim under section 1983.[3]  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  It appears that Plaintiff's core grievance is defamation, and the Court expresses no opinion on the merits of such a claim given that it lacks jurisdiction over state law tort claims in the absence of supplemental jurisdiction, which is not present in this case.[4]  28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

Accordingly, this action is HEREBY ORDERED dismissed, with prejudice, for failure to state a claim under section 1983.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   __April 21, 2015__                          _____/s/ Sheila K. Oberto____
                                                     UNITED STATES MAGISTRATE JUDGE

---

[3] With regard to Plaintiff's alleged concern for his safety, prison officials have a duty to protect inmates from harm, but noting a 2001 write-up for masturbation in a classification report provides no support for a plausible Eighth Amendment failure-to-protect claim.  *Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d at 1040.

[4] The Court notes that the underlying write-up occurred more than thirteen years ago, and a defamation claim challenging the write-up itself is subject to a statute of limitations.  *See* Cal. Civ. Proc. Code § 340(c); *Shively v. Bozanich*, 31 Cal.4th 1230, 1246-47, 80 P.3d 676, 686 (Cal. 2003).