# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MILES, SR., | Case No. 1:14-cv-01683-SKO (PC) |
| Plaintiff, | Appeal No. 15-15960 |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| R. COX, et al., | (Doc. 14) |
| Defendants. | |

## I. **Background**

Plaintiff Maurice Miles, Sr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 28, 2014. On April 22, 2015, the case was dismissed, with prejudice, for failure to state a claim under section 1983. 28 U.S.C. § 1915A. On May 12, 2015, Plaintiff filed a motion for reconsideration by a district judge pursuant to Local Rule 303(c).

Plaintiff consented to Magistrate Judge jurisdiction on November 10, 2014, and he lacks any entitlement to seek reconsideration by a district judge. 28 U.S.C. § 636; Local Rule Appendix A(k)(4); *Wilhelm v. Rotman*, 680 F.3d 1113, 1118-20 (9th Cir. 2012). (Doc. 5.) Accordingly, Plaintiff's motion for reconsideration shall be considered by the undersigned.

///
///
///

## II.   Legal Standard

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.[1]  Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted).  The moving party must demonstrate both injury and circumstances beyond his control.  *Id.* (quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

## III.   Discussion and Order

Plaintiff's motion sets forth no grounds entitling him to relief from the dismissal of this action.  First, the dismissal order was four pages long and in several instances, Plaintiff refers to rulings by United States Magistrate Judge Dennis L. Beck on pages five and six.  (Doc. 14, Motion, 3:15-16 & 5:14-20.)  As such, it appears Plaintiff is addressing an order that was issued in a different case, although the Court was unable to locate a case filed by Plaintiff that was assigned to Judge Beck.[2]

---

[1] Plaintiff's motion is considered pursuant to Rule 60(b)(6) in the absence of any other basis for reconsideration.

[2] Pursuant to CM/ECF, the Eastern District of California's electronic case management and filing system, Plaintiff filed this civil rights action and a habeas petition, both of which were assigned to the undersigned.

Next, to the extent Plaintiff's arguments regarding jurisdiction are construed as an objection to the Court's finding that it has no jurisdiction over Plaintiff's state law defamation claim, Plaintiff's argument has no merit. The "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental jurisdiction may only be invoked when the district court has the hook of original jurisdiction on which to hang it." *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). In this case, the Court did not have original jurisdiction over any claims and therefore, no basis existed to exercise supplemental jurisdiction over Plaintiff's defamation claim. 28 U.S.C. §§ 1331, 1332, 1367(a).

Accordingly, based on the foregoing, Plaintiff's motion for reconsideration is HEREBY DENIED, with prejudice. Plaintiff's notice of appeal to the United States Court of Appeals for the Ninth Circuit was filed on May 12, 2015, and it has been processed. Any further recourse regarding the dismissal of this action must be sought at the appellate court. The Clerk of the Court is DIRECTED to serve a courtesy copy of this order on the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **May 14, 2015**                           **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE