1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   MAURICE MILES, SR.,                      | Case No.: 1:14-cv-01683 SKO (PC)

12                    Plaintiff,

13        v.                                  **FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO REOPEN CASE**

14   R. COX, et al.,

15                    Defendants.             (Doc. 29)

16                                            **14-DAY OBJECTION DEADLINE**

17                                            Clerk of the Court to Assign District Judge

18        Plaintiff Maurice Miles, Sr. is proceeding *pro se* and *in forma pauperis* in this closed civil

19   rights action. On July 19, 2022, Plaintiff filed a "Motion to Move the Court Judges to Reopen All

20   Following Eastern District Court Cases and Grant Relief Plaintiff Seeks …."[1] (Doc. 29.)

21        **I.        RELEVANT BACKGROUND**

22        Plaintiff filed his original complaint on October 28, 2014. (Doc. 1.) Shortly thereafter,

23   Plaintiff consented to magistrate judge jurisdiction. (Doc. 5.)

24        On April 22, 2015, the Court issued its Order Dismissing Action, With Prejudice, for

25   Failure to State a Claim Under Section 1983. (Doc. 10.) The Court determined Plaintiff's

26   complaint failed to state a claim upon which relief could be granted and that leave to amend

27

28   _____

     [1] Plaintiff lists five actions filed in the Eastern District of California. This Order addresses his motion in this action only.

1   would be futile as Plaintiff would be unable to cure the deficiencies identified in his complaint;

2   the undersigned ordered the action dismissed, with prejudice. (Doc. 10 at 4.) Judgment was

3   entered that same date. (Doc. 11.)

4           On May 12, 2015, Plaintiff filed a Notice of Appeal. (Doc. 16.)

5           On May 14, 2015, this Court denied Plaintiff's motion for issuance of a certificate of

6   appealability (Doc. 21) and denied reconsideration, with prejudice, of its earlier order dismissing

7   the action (Doc. 22).

8           On July 31, 2015, the Ninth Circuit Court of Appeals issued an Order denying Plaintiff's

9   motion for a certificate of appealability as unnecessary and denying his motion for appointment

10  of counsel. (Doc. 24.) The appellate court further held Plaintiff was not entitled to *in forma*

11  *pauperis* status on appeal because the appeal was found to be frivolous. (*Id*. at 1.) Plaintiff was

12  advised that if he wished to pursue his appeal, he was required to pay the filing fee within 21 days

13  to avoid dismissal. (*Id*. at 2.)

14          On August 28, 2015, Plaintiff's appeal was dismissed for his failure to pay the filing fee.

15  (Doc. 25.)

16          On January 25, 2016, the Ninth Circuit issued an Order indicating it had considered a

17  November 2015 supplement to the mandamus petition but concluded Plaintiff had not

18  demonstrated his case warranted "the intervention of this court by means of the extraordinary

19  remedy of mandamus." (Doc. 27.) It denied the supplemental petition. (*Id*. at 2.)

20          On March 28, 2016, the appellate court issued an Order denying Plaintiff's motion for

21  consideration and "'motion to grant relief.'" (Doc. 28.) It noted "[n]o further filings will be

22  entertained in this closed case." (*Id*.)  More than five years later, on July 19, 2022, Plaintiff filed

23  the instant motion to reopen this action. (Doc. 29.)

24  **II.     DISCUSSION**

25          Although Plaintiff does not set forth a rule of procedure, the Court will treat the motion as

26  a Rule 60 motion for relief from judgment or order. Fed. R. Civ. P. 60(b). Federal Rule of Civil

27  Procedure 60(b) provides in pertinent part:

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to more for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

A motion under subsections (1), (2), and (3) of the rule must be filed within one year; motions made under the other subsections must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Under the catchall provision of Rule 60(b)(6), the Court has the power to reopen a judgment even after one year. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Entres., Inc. v. Estate of Bishop*, 229 F.3d 977, 890 (9th Cir. 2000) (citations omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks & citations omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks & citations omitted). Further, Local Rule

1    230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances

2    are claimed to exist which did not exist or were not shown" previously, "what other grounds exist

3    for the motion," and "why the facts or circumstances were not shown" at the time the substance

4    of the order which is objected to was considered.

5         Plaintiff's motion does not identify any basis under Rule 60 for reconsideration of the

6    Court's order dismissing this action. To the extent Plaintiff's motion can be characterized as a

7    fraud claim, (*see* Doc. 29 at 2 ["Plaintiff was 'falsely charged' and 'convicted' on false and

8    perjured testimony and/or evidence from a 2011 case"]; Fed. R. Civ. P. 60(b)(3)), his motion is

9    untimely because it is brought more than five years after judgment was entered. *See* Fed. R. Civ.

10   P. 60(c)(1) (a motion under subsections (1), (2), and (3) must be filed within one year). Plaintiff

11   makes neither a showing of mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P.

12   60(b)(1), nor a showing of newly discovered evidence, Fed. R. Civ. P. 60(b)(2).

13        Neither subsection (4) or (5) of Rule 60(b) appear to be applicable here, and Plaintiff

14   makes no showing in that regard. He neither asserts that the judgment in this action is void, nor

15   that the judgment is based on an earlier judgment that has been reversed or vacated. There is also

16   no other reason justifying relief. Fed. Civ. P. 60(b)(6). Most of Plaintiff's motion concerns

17   allegations of prosecutorial misconduct, such as the alleged knowing use of perjured testimony,

18   and the suppression of evidence favorable to the defense. (*See* Doc. 29 at 2-5, 6-8.) The motion

19   also directly addresses another action filed in this district, to wit: 2:21-cv-00989-KJM-AC (PC).

20   (*Id*. at 5-6.) Plaintiff's motion makes no specific mention of the instant action, other than by

21   referring to it by the case number on the first page of the motion.

22        In its Order dismissing this action, the Court summarized Plaintiff's claim. (Doc. 10 at 2-

23   3.)  The Court determined there was no basis for liability under 42 U.S.C. § 1983 (*id*. at 3

24   ["section 1983 provides no redress for defamation…and Plaintiff lacks any cognizable liberty

25   interest under federal law with respect to the inclusion of this write-up in his prison records"]),

26   that a violation of state law is not redressable in a § 1983 case (*id*.), and that Plaintiff's complaint

27   set forth "no facts supporting a claim that the mention of this write-up in his classification

28   summary presented a substantial risk of harm to his personal safety to which Defendants…were

4

1    deliberately indifferent" (*id*.). Plaintiff's motion makes no mention of the Court's dismissal

2    Order, nor does it attempt to explain why, or on what basis, this Court should reopen this action.

3    Plaintiff's motion is also timely. *See* Fed. R. Civ. P. 60(c)(1).

4         In sum, Plaintiff has not set forth facts or law providing a basis upon which the court

5    should reverse its prior decision. Fed. R. Civ. P. 60(b); Local Rule 230(j). There are no

6    extraordinary or highly unusual circumstances justifying relief. *Kona Entres., Inc. v. Estate of*

7    *Bishop*, 229 F.3d at 890; *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d at

8    880. Therefore, the undersigned will recommend Plaintiff's motion to reopen this action (Doc. 29)

9    be denied.

10         **III.    CONCLUSION AND RECOMMENDATIONS**

11         For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that:

12         1. Plaintiff's motion to reopen this action (Doc. 29) be DENIED;

13         2. The Court does not consider any further filings and not issue any further orders in this

14    closed case; and

15         3. This case remain closed.

16         These Findings and Recommendations will be submitted to the United States District

17    Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**

18    of the date of service of these Findings and Recommendations, Plaintiff may file written

19    objections with the Court. The document should be captioned, "Objections to Magistrate Judge's

20    Findings and Recommendations." Plaintiff's failure to file objections within the specified time

21    may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir.

22    2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

23
     IT IS SO ORDERED.
24

25    Dated:   __**July 27, 2022**__              ____/s/ *Sheila K. Oberto*____

26                                               UNITED STATES MAGISTRATE JUDGE

27

28
                                          5